IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Cheri Burnette Abraham, | ) | |
| | ) | Criminal Action No. 7:09-cr-00436-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Cheri Burnette Abraham's ("Abraham") Motions to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Docs. 62 and 65] pursuant to 28 U.S.C. § 2255. The United States of America (the "Government") filed a response in opposition to Abraham's motion and contemporaneously moved for summary judgment [Docs. 75 and 76].

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where "it plainly

1

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Abraham filed the instant motion on November 28, 2011. The filing is within the one-year time limitations set forth in 28 U.S.C. § 2255.

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court denies Abraham's § 2255 motion and grants summary judgment in favor of the Government.

## FACTUAL AND PROCEDURAL BACKGROUND

Abraham was indicted by a Federal Grand Jury in the District of South Carolina for bank fraud (18 U.S.C. § 1344). On April 1, 2009, Abraham was arraigned and entered a plea of not guilty. Assistant Federal Public Defender James Loggins was appointed to represent her. On August 8, 2009, Abraham pled guilty to embezzlement as a result of manipulation to her employer's bank accounts; such manipulation constitutes bank fraud. Following Abraham's guilty plea, a Presentence Report ("PSR") was prepared and provided to counsel for the Government and Abraham. Prior to sentencing, the Government filed a sentencing memorandum arguing that Abraham should receive a thirty-three (33) month sentence based on the factors set forth in 18 U.S.C. § 3553(a). On November 9, 2009, Mr. Loggins filed a Motion for Extension of Time to respond to the PSR, which was granted. Furthermore, Mr. Loggins filed a second Motion for Extension of Time to respond to the PSR on January 29, 2010, which was denied that same day. Thereafter, Abraham's sentencing hearing was rescheduled and then

continued on three different occasions to allow the Government and Abraham's counsel to complete research regarding the loss amount, which was the primary issue of dispute in the case. Mr. Loggins never filed written objections to the PSR.

On April 29, 2010, Assistant Federal Public Defender Benjamin Stepp was assigned to Abraham's case. Mr. Stepp continued to work with forensic experts and the Government to reconcile the loss amount. After determining that the experts for Abraham and the Government could not agree regarding the loss amount, Mr. Stepp advised Abraham to accept the stipulated amount in the agreement. In addition, Mr. Stepp explained to Abraham the risks associated with trial including the possibility that she would face an increased guidelines range for her failure to accept responsibility and further subject herself to a two-level enhancement for abuse of position of trust. Shortly thereafter, Abraham signed a written stipulation agreeing that the loss amount for sentencing purposes in the case was between $400,000.00 and $700,000.00.

Sentencing in this case occurred on May 25, 2010. At the sentencing hearing, the parties agreed to the calculations of Abraham's offense level under the federal sentencing guidelines, and the court noted that Abraham's base offense level resulted in a sentencing guidelines range of twenty-seven (27) to thirty-three (33) months. During the hearing, Mr. Stepp requested and argued for a sentence below the guideline range. He also presented evidence regarding Abraham's background and character through several witnesses including members of Abraham's family. Abraham was also allowed to address the court. She indicated that she did not agree with the stipulated loss amount and that she believed the PSR was inaccurate. After questioning by the court, Abraham ultimately conceded her guilt and agreed to the stipulation.

At the conclusion of the hearing, the court sentenced Abraham to thirty (30) months in prison on count one, five (5) years of supervised release, restitution in the amount of

$600,000.00, and at a rate of no less than $300.00 per month beginning sixty (60) days after release from incarceration. Moreover, the court noted it had considered Abraham's history and characteristics and further acknowledged that it did not find it appropriate to depart or vary from the guidelines in sentencing Abraham.

Abraham appealed her sentence to the United States Court of Appeals for the Fourth Circuit where it affirmed in part, vacated in part, remanded, and held that the sentence was procedurally and substantively reasonable. *United States v. Abraham*, 436 F. App'x 202 (4th Cir. 2011). Abraham now presents a Motion to Vacate, Correct, or Set aside her sentence pursuant to 28 U.S.C. § 2255. In her motion, Abraham contends that she received ineffective assistance of counsel because her counsel failed to amend her PSR, erroneously advised her in regard to the loss amount, represented to her that she would only serve eight (8) to ten (10) months imprisonment if she signed the stipulation agreement for the loss amount, and failed to file a motion for a continuance regarding her sentencing hearing. Abraham claims that her counsel's failures require a finding that her "conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." [Doc. 65, at 4].

## DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that the representation of counsel fell below an objective standard of reasonableness; and (2) that the petitioner was prejudiced by counsel's deficiencies to the extent that she was denied a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). The petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The court reviews "the

reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Here, Abraham argues that her legal representation fell below an objective standard of reasonableness. First, Abraham alleges that Mr. Loggins's and Mr. Stepp's failures to amend the PSR constitute ineffective assistance of counsel. Because the PSR is not a document subject to amend by defense counsel, the court interprets Abraham's complaint to be that counsel failed to file any written objections to the PSR. Abraham has not identified any specific objectionable material contained within the PSR. Additionally, while counsel never filed any written objections to the PSR, Abraham was given an opportunity to address the court directly during her sentencing. During this discussion, Abraham indicated to the court that she believed the PSR was "full of lies." However, Abraham also acknowledged to the court that it was her intention to accept the statements in the PSR and proceed with sentencing based on her stipulations. Because Abraham has not specifically identified any objectionable material contained in the PSR and because she had an opportunity to notify the court of the perceived false statements contained in the PSR, Abraham has failed to demonstrate ineffective assistance of counsel based on counsel's failure to file written objections to the PSR. *See United States v. Butler*, 331 F. App'x 260, 261 (4th Cir. 2009) (dismissing a petitioner's claim of ineffective assistance for counsel's failure to object to a PSR where the petitioner failed to identify any objectionable material in the PSR).

Second, Abraham claims that Mr. Stepp was ineffective in failing to accurately advise her of the possible sentence range she would be subject to under the sentencing guidelines if she agreed to the stipulated loss amount. Abraham insists that her counsel induced her to sign the loss amount stipulation by telling her that she would receive no more than eight (8) to ten (10)

5

months of imprisonment. Mr. Stepp denies ever telling Abraham that she would be sentenced to any particular amount of time, but attests that he informed her of the potential penalties she would face and made fervent arguments to the court for a downward departure. Nevertheless, it is undisputed that the court informed Abraham of the potential penalties she would face prior to sentencing. Abraham did not alert the court to any misunderstandings regarding the circumstances of her guilty plea and affirmatively acknowledged that she understood the sentencing guideline range which would be applied in her case. Because the court clearly advised Abraham of her possible sentence, she cannot now be heard to complain that her plea was involuntary because her counsel misinformed her of the penalties associated with her plea. *See United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (noting that an attack on the voluntariness of a guilty plea should be disallowed where the court "corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice").

Finally, Abraham contends that Mr. Stepp was ineffective in failing to request a continuance of her sentencing hearing because he had been recently substituted as her counsel and met with her for the first time approximately two weeks before her sentencing hearing. Abraham makes no arguments as to what Mr. Stepp could have done differently with more time nor does she state how she has been harmed. In his affidavit Mr. Stepp indicates that the only matter of dispute concerned the amount of loss and that there was no need to delay sentencing once Abraham agreed to the loss stipulation. *See Glover v. Miro,* 262 F.3d 268, 278 (4th Cir. 2001) (noting that the "late appointment of counsel' fails to justify 'a presumption of ineffective assistance of counsel'" and that the petitioner must demonstrate actual prejudice to prevail on a claim of ineffective assistance of counsel) (quoting *Praylow v. Martin*, 761 F.2d 179, 181–83

6

(4th Cir. 1985)).  Therefore, Abraham has not established ineffective assistance of counsel on this ground.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Petitioner Cheri Burnette Abraham's Motions to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Docs. 62 and 65] and **GRANTS** the United States of America's Motion for Summary Judgment [Doc.76].

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

July 5, 2012
Greenville, South Carolina